# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**KAMAL HMIED,**

                 **Plaintiff,**

**-vs-**                                                    **Case No. 6:11-cv-2039-Orl-22KRS**

**LEVY WORLD LIMITED PARTNERSHIP**
**d/b/a Fulton's Crab House,**

                 **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION TO APPROVE SETTLEMENT (Doc. No. 13)**
>
> **FILED:**      **February 28, 2012**

## I. PROCEDURAL HISTORY.

Plaintiff Kamal Hmied and Defendant Levy World Limited Partnership d/b/a Fulton's Crab House seek the Court's approval of their settlement of claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* The matter is before the Court to determine whether the resolution of the case as provided for in the Joint Motion to Approve Settlement is a fair and reasonable resolution of the dispute as required by *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982).

## II. ANALYSIS

Hmied alleged that Defendant failed to pay him overtime compensation and minimum wages as required by the FLSA and the Florida Constitution. He also alleged that Defendant was negligent in its processing and maintenance of employment records. Doc. No. 1.

In a declaration filed in support of the motion to approve the settlement, Hmied averred that he was owed $1,987.00 in overtime and minimum wage compensation and an equal amount in liquidated damages. Doc. No. 13-1 at ¶¶ 3-5. Under the Settlement Agreement, Hmied will receive $5,000.00. Doc. No. 13-2 at 2-3. Therefore, the amount Hmied will receive exceeds the total amount of FLSA wages and liquidated damages arguably due him. Under these circumstances, the FLSA claim was not compromised. Accordingly, I recommend that the Court find that the judgment is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores,* 679 F.2d at 1354.

The Court need not approve the other provisions of the settlement agreement. I note that the settlement agreement has a confidentiality provision that is unenforceable, at least in part, due to the public filing of the document. doc. No. 13-2 ¶ 12. Accordingly, I recommend that the Court not approve the settlement agreement as a whole or reserve jurisdiction to enforce it.

## III. RECOMMENDATION

Based on the foregoing, I respectfully recommend that the Court do the following:

1. **FIND** that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354;

2. **GRANT in part** the Joint Motion to Approve Settlement, Doc. No. 13;

3. **PROHIBIT** counsel for Plaintiff from withholding any of the $5,000.00 settlement amount from Plaintiff or otherwise collecting fees and costs from Plaintiff other than as provided for in the settlement agreement;

4. **ORDER** that counsel for Plaintiff to provide a copy of the Court's Order to Plaintiff;

5. **DECLINE** to reserve jurisdiction to enforce the settlement agreement;

6. **DISMISS** the case with prejudice; and,

7. **DIRECT** the Clerk to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 7, 2012.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy